# Morgan Lewis

**Brad Fagg**
Partner
+1.202.739.5191
brad.fagg@morganlewis.com

September 7, 2022

**VIA CM/ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the
Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re: *State of Texas et al. v. Nuclear Regulatory Commission, et al.*,
No. 21-60743

Dear Mr. Cayce:

On behalf of Intervenor/Respondent Interim Storage Partners, LLC, this is a response to the letter dated September 1, 2022, by counsel for petitioners. That letter forwarded to the Court an informational map from the NRC's website showing the locations of NRC-licensed spent fuel storage facilities, including at twelve "away from reactor" sites.

As we have explained, it is petitioners—not the NRC or ISP—that are impermissibly reading unstated terms and conditions into the provisions of the Atomic Energy Act (AEA). That Act has always unambiguously authorized "possession" of the constituent elements of spent nuclear fuel (which are the most specifically-defined materials the NRC is authorized to regulate under the AEA). *See, e.g.*, 42 U.S.C. §§ 2201(b); 2073; 2092; 2111; *see also* 45 Fed. Reg. 74,693 (Nov. 12, 1980). As we explained at oral argument (recording at 39:14-39:40), Texas concedes that the AEA authorizes "possession" of spent nuclear fuel for storage purposes (Tex. Initial Br. at 17 n.6), but argues that that authority must be limited, under the AEA, to "at reactor sites." <u>But, the AEA says no such thing</u>. Accordingly, as we described (ISP Br. at 26), well-settled principles of statutory interpretation require rejection of petitioners' arguments.

The information submitted by petitioners confirms what we explained at oral argument (recording at 42:37-44; 44:26-45:07), namely, that the NRC's transparent, long-established, publicly-exercised authority over such "away from reactor" storage of spent nuclear fuel under duly-promulgated regulations *from 1980*—exactly the same authority exercised by the NRC in connection with ISP's license here—governs at least a dozen sites all across the country. Petitioners' quibbles with the nature of a handful of those sites do not call that fact into doubt. And, petitioners' shifting arguments are also not well-founded—they originally urged that an unstated-but-implied limitation

DB1/ 132637738.1

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004       T +1.202.739.3000
United States              F +1.202.739.3001

Page 2

of the statute to "at reactor" storage should be imposed, but, now, necessarily, contend that the exception should be expanded to also allow possession "at <u>a former</u> reactor." But, the AEA does not say that, either. There is simply no textual support for the argued restriction upon which petitioners' lack-of-authority arguments depend.

Respectfully submitted,

<u>/S/ Brad Fagg</u>

Brad Fagg
*Counsel of Record for Intervenor*
*Interim Storage Partners, LLC*


cc: counsel of Record (via CM/ECF)