

**UNITED STATES**
**NUCLEAR REGULATORY COMMISSION**
WASHINGTON, D.C. 20555-0001

September 7, 2022

## BY ELECTRONIC FILING

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

    Re:   *State of Texas v. NRC*, No. 21-60743

Dear Mr. Cayce:

Federal Respondents respond to Fasken's letter of September 1, 2022, asserting that NRC's list of away-from-reactor storage facilities on its website is "misleading." Fasken is incorrect, and its arguments confirm that petitioners lack a statutory basis to differentiate between at-reactor and away-from-reactor storage.

While it is true that some of the listed facilities are operated by DOE (and thus licensed pursuant to different statutory authority, *see* 42 U.S.C. § 5842(3)[1]), none is currently licensed to operate a nuclear reactor. Moreover, several of the facilities listed (including PFS and GE Morris) never were associated with reactors, and the operating licenses for several former reactor licensees—Humboldt Bay, Rancho Seco, and Trojan—have been terminated altogether. Consistent with the materials license issued to ISP, NRC has issued materials

---

[1] Section 5842 does not separately authorize materials licenses for DOE. It was for this reason (and not a lack of AEA authority to license private storage facilities, as Texas belatedly suggests in its reply) that NRC's Chairman suggested in 1979 that Congress expand NRC's licensing authority.

-2-

L. Cayce

licenses for these facilities pursuant to 42 U.S.C. §§ 2073, 2092, 2093, and 2111, and in accordance with 10 C.F.R. Part 72.

As discussed in our briefs and at oral argument, the NRC has issued these materials licenses based on its determination, reflected in Part 72, that permitting onsite or offsite fuel storage is "appropriate to carry out the purposes" of the AEA. 42 U.S.C § 2073(a)(4); *see also id.* § 2093(a)(4) (authorizing source materials licenses for use approved by Commission as aid to industry); Federal Respondents' Br. 59-65; Supplemental Br. 8. Petitioners attempt to artificially confine the agency's authority to issuing licenses only for onsite fuel storage, but no statutory language imposes geographic limitations on NRC's plenary and exclusive authority over the possession of this nuclear material.

Petitioners' arguments would undermine the basis upon which the agency has been issuing away-from-reactor fuel storage licenses since 1980. And neither Fasken nor Texas presented to the agency any assertion that the agency has acted beyond its authority, thus confirming that the Court has no jurisdiction over such claims.

                                            Respectfully,

                                            /s/ Andrew P. Averbach
                                            Solicitor
                                            *Counsel of Record for U.S. Nuclear Regulatory Commission*