**KANNER & WHITELEY, L.L.C.**
**701 Camp Street**
**New Orleans, Louisiana 70130**
(504) 524-5777
FAX: (504) 524-5763

November 28, 2022

**Via CM/ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

    Re:    *State of Texas, et al. v. Nuclear Regulatory Commission, et al.*, No. 21-60743

Dear Mr. Cayce:

    Pursuant to FRAP Rule 28(j), Fasken hereby responds to Federal Respondents' citation to *Ohio Nuclear-Free Network v. Nuclear Regulatory Commission*, No. 21-1162 (D.C. Cir. 2022) as supplemental authority and ISP's response to same.

    *Ohio* is not controlling in determining jurisdiction for Fasken's Petition for Review under the unprecedented circumstances here and it does not warrant dismissal.

    First, several Circuit Courts have recognized the submission of comments as sufficient to establish "party aggrieved" status under the Hobbs Act. Opp. MTD 6-7. Unlike the "informal presentation of views to the NRC" in *Ohio* (Slip Op. at 8) for a finding of "no significant environmental impact" on an already licensed facility (*id.* at 5), the NRC here, denied every single contention filed and terminated the ISP adjudicatory proceeding for initial licensing *months before* issuing its mandated draft EIS and expressly requesting that parties participate in the NEPA proceeding by submitting comments. Fasken complied with the "appropriate and available administrative procedure" under these circumstances and is a "party aggrieved."

    Second, *Ohio* is irrelevant as to Fasken's assertion of jurisdiction under the Administrative Procedures Act, 5 U.S.C. §§ 702, 706(2), ("APA"), for agency action beyond its authority and determining "whether NRC's decision to issue a license containing an unlawful condition is arbitrary, capricious and in violation of the law." Fasken Reply Br. at 15; Opp. MTD 7-8. As ISP's response concedes, *Ohio* focused narrowly on Atomic Energy Act regulations and Hobbs Act jurisdiction.

1

Likewise, *Ohio* is inapposite to asserted jurisdiction under Nuclear Waste Policy Act provisions, 42 U.S.C. §§ 10111, *et seq.,* ("NWPA"), for review of a tainted EIS and Record of Decision that contemplates currently unlawful private storage of DOE-titled waste.

Judicial review is proper under the Hobbs Act, the APA and the NWPA under these circumstances.

Respectfully submitted,

KANNER & WHITELEY, L.L.C.

*/s/ Allan Kanner*
Allan Kanner
Annemieke M. Tennis
701 Camp Street
New Orleans, LA 70130
a.kanner@kanner-law.com
a.tennis@kanner-law.com
Phone: (504) 524-5777

*Counsel for Fasken Petitioners*

cc: all counsel via ECF